**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BEZITA LASHKARIANI, | ) | 3:11-cv-00733-ECR-WGC |
| Petitioner, | ) | |
| vs. | ) | **Order** |
| UNITED STATES CITIZENSHIP AND IMMIGRANT SERVICES, | ) | |
| Respondent. | ) | |

Petitioner Bezita Lashkariani ("Petitioner") petitions this court for a Writ of Mandamus[1] requiring Respondent, the United States Citizenship and Immigrant Services ("Respondent," "USCIS"), to amend the date of birth on Petitioner's Naturalization Certificate.

### I. Factual Background

Petitioner was born in Iran. (Pet. ¶ 3 (#1).) Petitioner's older sister died before Petitioner was born. (Id. ¶ 5.) Under a custom practiced by Petitioner's "tribe in the northern forests of Iran," Petitioner was given her late sister's name and date of

---

[1] Although titled a Petition for Writ of Mandamus (#1), the Petition makes no reference to the mandamus statute, 28 U.S.C. § 1361, and in substance constitutes a Petition to Amend Certificate of Naturalization. Accordingly, the Court will treat it as such in spite of its title.

1  birth, March 21, 1964, which was reflected on her original birth
2  certificate.  (R. at 31 (#8); Pet. ¶ 5 (#1).)
3       Following the Iranian Revolution of 1979, the country's new
4  government demanded that all documents bearing the former regime's
5  insignia be turned in so the government could reissue the documents
6  with the new regime's insignia.  (Id. ¶ 3.)  When Petitioner's
7  father attempted to exchange Petitioner's birth certificate, which
8  contained the birth date of her deceased sister, he was told that
9  the person whose information was on the birth certificate was dead
10 and that he needed to go to court and obtain a birth certificate
11 bearing Petitioner's true date of birth, September 16, 1968.  (Id. ¶
12 5.)  In 1987, Petitioner's father brought the matter before the
13 First Legal Court of Justice of Tehran, District 1 (the "Iranian
14 Court"), which found that Petitioner's true date of birth was
15 September 16, 1968, based on the testimony presented, including that
16 of a medical expert.  (Iranian Court Op. (#15-1) at 1.)  The Iranian
17 Court directed the defendant in that case, the Lahijan
18 Administration of Civil Status Registration and Statistics, to
19 cancel Petitioner's former ID card due to the demise of the ID card
20 holder and to recognize the new ID card reflecting Petitioner's
21 proper birth date of September 16, 1968.  (Id.)  Petitioner has
22 since provided this Court with an official duplicate Identity
23 Certificate, issued by the Iranian Government on June 2, 2012 and
24 officially translated on June 30, 2012, which reflects her true
25 birth date of September 16, 1968.  (Identity Certificate (#15-1) at
26 3.)
27
28
                                      2

1   Petitioner entered the United States on May 14, 1984 on an F-1
2 student visa, which displayed her date of birth as March 21, 1964,
3 her sister's birth date.  (R. at 34, 134 (#8).)  Petitioner became a
4 naturalized citizen on June 4, 2001 under the name of Bezita Crosby,
5 reflecting her contemporaneous marriage to John Crosby.  (Id. at 5,
6 40.)  Her date of birth on the Naturalization Certificate was listed
7 as March 21, 1964.  (Id.)
8   After her naturalization, Petitioner sought to return to Iran
9 to visit her family but was unable to obtain any Iranian travel
10 documents because of the discrepancy between the dates of birth on
11 her United States documentation and her Iranian Birth Certificate.
12 (Pet. ¶ 7 (#1).)
13
14                     **II. Procedural Background**
15 On April 25, 2011, Petitioner filed a Form N-565 "Application for
16 Replacement Naturalization/Citizenship Document" with Respondent.
17 (R. at 3-26 (#8).)  She requested both a name change to reflect her
18 divorce from John Crosby as well as an amendment to her date of
19 birth to reflect her true birth date, September 16, 1968.  (Id. at
20 3, 4, 6.)  She produced an unauthenticated "Identity Certificate"
21 from Iran bearing her true date of birth in support of her request.
22 (Id. at 7-8.)
23   On August 16, 2011, Respondent denied Petitioner's request to
24 amend her date of birth.  (Id. at 153.)  Respondent, citing to 8
25 C.F.R. § 338.5, explained that USCIS "does not have the authority to
26 change a date of birth" when the originally printed date of birth is
27 not the result of a clerical error.  (Pet. Ex. 4 (#1).)  Respondent
28

further stated that "[o]nly a US Federal District Court having jurisdiction over [Petitioner's] Naturalization proceeding has the authority to order a change in a date of birth." (Id.)

On October 12, 2011, Petitioner filed her Petition for Writ of Mandamus (#1), which the Court will also treat as a Petition to Amend Certificate of Naturalization, alleging that this court has jurisdiction over the matter pursuant to 8 C.F.R. §§ 334.16(b) and 338.5. (Pet. ¶ 1 (#1).) On April 4, 2012, Petitioner filed a Motion for Summary Judgment (#9). Respondent filed its Opposition (#10) to Petitioner's Motion and a Cross-Motion for Summary Judgment (#11) on April 25, 2012. Petitioner filed her Response (#12) on May 18, 2012, and Respondent filed its Reply (#13) on May 30, 2012.

On June 25, 2012, we issued an Order (#14) directing Petitioner to provide the Court with an Identity Certificate, birth certificate, or other similar evidence issued by the Iranian Government to establish her true date of birth. On August 16, 2012, Petitioner supplied the Court with official documents, including an opinion of an Iranian Court and an Identity Certificate (#15-1).

### III. Discussion

**A.   Whether 8 C.F.R. § 338.5 Allows Petitioner to Amend Her Date of Birth**

Petitioner argues that 8 C.F.R. § 338.5 grants jurisdiction over this matter. (Pet. ¶ 1 (#1).) However, § 338.5 does not provide any remedy for Petitioner. Section 338.5(a) applies only to cases where there is a clerical error or where the naturalization certificate does "does not conform to the facts shown on the

4

application for naturalization." 8 C.F.R. § 338.5(a).  Section 338.5(e) explicitly denies the relief sought by Petitioner, stating that an amendment to a naturalization certificate will not be permitted where "the naturalized person later alleges that the . . . date of birth which the applicant stated to be his or her correct . . . date of birth at the time of naturalization was not in fact his or her . . . date of birth at the time of the naturalization."  8 C.F.R. § 338.5(e).

**B.   Whether 8 C.F.R. § 334.16 Allows Petitioner to Amend Her Date of Birth**

Petitioner also maintains that this court has jurisdiction over this matter pursuant to 8 C.F.R. § 334.16(b), (Pet. ¶ 1 (#1)), and contends that the regulation allows for the amendment of a non-clerical error on a naturalization certificate. (Pet'r Mot. Summ. J. at 3 (#9)).

Previously, 8 C.F.R. § 334.16(b) permitted district courts to hear cases for amendments to naturalization documents even if the error was not clerical "[w]henever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court." See Nguyen v. U.S. Dept. of Homeland Sec., No. 1:06-MC-118, 2007 WL 2156649, at *3 n.5 (N.D.N.Y. July 25, 2007).  This was traditionally interpreted to apply only to naturalization petitions issued by courts before 1990.  See In re Cheng, No. C 08-80251, 2009 WL 426125, at *1 (N.D. Cal. Feb. 20, 2009); Kouanchao v. U.S. Citizenship & Immigration Servs., 358 F.Supp.2d 840, 843 (D. Minn. 2005).  The 1990 Immigration Act, 8 U.S.C. § 1101, transferred naturalization jurisdiction from the

5

1  Judicial Branch to the Executive Branch, leaving those with post-
2  1990, executive-issued certificates of naturalization without
3  remedy.  See Administrative Naturalization, 56 Fed. Reg. 50475-01,
4  50475 (Oct. 7, 1991) (codified in scattered sections of 8 C.F.R.).
5       However, a recent line of cases has interpreted § 334.16(b) to
6  apply both to pre-1990 court ordered naturalization documents as
7  well as post-1990 agency-issued naturalization certificates.  See,
8  e.g., Binh Quang Le v. U.S. Citizenship & Immigration Servs., No.
9  C11-01871, 2011 WL 3678909, slip op. at 1 (N.D. Cal. Aug. 22, 2011)
10 (petitioner naturalized in 1991); Hussain v. U.S. Citizenship &
11 Immigration Servs., 541 F. Supp.2d 1082, 1085 (D. Minn. 2008)
12 (petitioner naturalized in 1995); Nguyen, 2007 WL 2156649, at *3
13 (petitioner naturalized in 1990 after the Immigration Act took
14 effect).  In light of these recent holdings, this Court finds
15 original jurisdiction over Petitioner's petition to amend her date
16 of birth under 8 C.F.R. § 334.16(b).[2]

---

[2] This does not create jurisdiction over future petitions to amend non-clerical errors under 334.16(b), as the regulation was repealed on November 28, 2011.  See Immigration Benefits Business Transformation, Increment I, 76 Fed. Reg. 53764-01, 53769 (Aug. 29, 2011); Nguyen v. Holder, No. Civ 11-295, 2012 WL 1854258, at *2 (D. Ariz. Apr. 18, 2012).  Petitioner filed her original petition (#1) on October 12, 2011, and the USCIS denied her request for amendment well before that.  (Pet. Ex. 4 (#1).)  Regulations have been deemed applicable as long as they were in effect when the events that they affect occurred.  See, e.g., Garcia v. Andrus, 692 F.2d 89, 92 n.4 (9th Cir. 1982); Reeb v. Thomas, 636 F.3d 1224, 1225 n.1 (9th Cir. 2011); Perotti v. Holt, No. 11-3324, 2012 WL 1708021, at *2 (7th Cir. May 16, 2012).  We therefore act pursuant to the regulation, 8 C.F.R. § 334.16, in effect when Petitioner submitted her Petition (#1) on October 12, 2011.

**C.  Whether Petitioner Meets Her Burden of Proof for Showing that the Date of Birth on Her Naturalization Certificate is Incorrect**

The petitioner bears the burden of showing that the date of birth on a naturalization certificate is incorrect. Kouanchao, 358 F.Supp. at 838; In re Application of Ohanian, No. Misc. 93-218 (RJD), 1995 WL 62733, at *3 (E.D.N.Y. Jan. 31, 1995). A petitioner must satisfy a "stringent burden" with "unequivocal evidence as to the applicant's true date of birth." Liu v. I.N.S., No. 89-MC-139, 1998 WL 809037, at *2 (N.D.N.Y. Nov. 17, 1998); see also In re Konsh's Petition, 188 F.Supp 136, 138 (E.D.N.Y. 1960) ("Absent the showing of good cause, the Court is reluctant to order a change in the official records of the Immigration and Naturalization Service."); In re Petition of Garcia, 65 F.Supp. 143, 147 (W.D. Pa. 1946) (requiring "clear and convincing" evidence to amend even a clerical error); Application of Ohanian, 1995 WL 62733, at *1 (requiring an "extensive inquiry" where respondent provided documents that contradicted petitioner's evidence).

Respondent maintains that the cases in which petitioners met their burdens of proof are immediately distinguishable from the present petition in that each petitioner provided something more than an authenticated birth certificate. See, e.g., Kouanchao, 358 F.Supp.2d at 841 (finding that petitioner obtained a corrected state driver's license and Social Security Card upon learning of her new date of birth); Varghai v. U.S. Immigration & Naturalization Servs., 932 F. Supp. 1245, 1246 (finding that petitioner corrected his state driver's license and Social Security Card and "produced a large volume of documentation to demonstrate his correct birthday").

7

Defendant further cites to one case that states that birth certificates filed years after a birth are less credible than those filed contemporaneously with the birth. See Nagle v. Ming, 26 F.2d 438, 439 (9th Cir. 1928).

However, other cases have held that petitioners met their burdens with less weighty proof. See, e.g., Bihn Quang Le, 2011 WL 3678909, at *2 (holding that an authenticated and translated birth certificate, an explanation of the initial error, and no evidence of fraud met petitioner's burden of proof); Application of Levis, 46 F.Supp. 527, 528-29 (D.Md. 1942) (holding that petitioner's burden of proof was met even when petitioner was careless in using the incorrect birth date and failing to ascertain his correct date of birth).

Petitioner's sworn affidavit documenting the unusual but plausible circumstances that led to the discrepancy in Petitioner's birth dates coupled with her authenticated Iranian documents indicating her true birth date provide strong evidence that her naturalization certificate bears an incorrect date of birth. The opinion of the Iranian Court provides official corroboration to Petitioner's affidavit, and her current ID card, issued by the Iranian Government, reflects a September 16, 1968 birth date. Moreover, there is nothing in the record to suggest that Petitioner is attempting to commit fraud or has any incentive to do so. While Respondent provides Petitioner's first application for naturalization, where she provided a third birth date, March 21, 1966, we find that the clear and convincing evidence submitted by Petitioner overwhelms any discrepancy raised by this document.

(Resp't Opp'n to Pet'r Mot. Summ. J. (#10).)  Finally, the information Petitioner provides regarding her family's tribal customs and the Iranian Revolution, combined with the official documentation, provide ample justification for her Iranian birth certificate being issued after birth, overcoming any challenge to the document's credibility based on its post-birth issuance.

The foregoing evidence indicates an error on Petitioner's naturalization certificate with little equivocation, satisfying her stringent burden of proof.  This court finds little reason to require additional evidence from Petitioner.  We agree with the court that noted

> No one wants gratuitously to impose upon naturalization proceedings that technical spirit which easily follows a literal application of so detailed a statute, and which results in vexatious disappointment, and in needless irritation, to a defenseless class of persons necessarily left to the guidance of officials, except in so far as the courts may mitigate the rigors of their interpretation.

In re Denny, 240 F. 845, 846 (S.D.N.Y. 1917).  Accordingly, in light of the overwhelming evidence that Petitioner's true date of birth is September 16, 1968, we grant the Petition (#1) to amend Petitioner's Naturalization Certificate to reflect that date pursuant to 8 C.F.R. § 334.16(b).

### IV. Conclusion

The Court finds jurisdiction to amend Petitioner's Certificate of Naturalization pursuant to regulation 8 C.F.R. § 334.16, since repealed, which was in effect at the time of the filing of the Petition (#1).  Further, Petitioner has satisfied the high burden of proof required to amend a naturalization certificate by providing

9

clear and convincing evidence, issued by the Iranian government, that her date of birth is September 16, 1968.  Respondent has failed to provide any evidence that seriously calls into question Petitioner's absence of fraudulent activity, the credibility of her sworn affidavit, her official Identity Certificate, and the opinion of the Iranian Court.

**IT IS, THEREFORE, HEREBY ORDERED** Petitioner's Petition (#1) to amend her Certificate of Naturalization is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's date of birth on her Certificate of Naturalization is amended to read September 16, 1968.

**IT IS FURTHER ORDERED** that the United States Citizenship and Immigration Services shall issue a new Certificate of Naturalization reflecting Petitioner's date of birth as September 16, 1968.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment (#9) and Respondent's Cross Motion for Summary Judgment (#11) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall return Petitioner's original documents (#15-1) to her forthwith.

The Clerk shall enter the judgment accordingly.

DATED: August 21, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11